# A. F. BUTTS, Appellant, v. NATIONAL EXCHANGE BANK, Respondent.

### St. Louis Court of Appeals, March 3, 1903.

1. **Negligence:** OWNER OF BUILDING ABUTTING ON SIDE-WALK, DUTY OF: INJURY. A party as owner and in possession and charge of his building owes the duty to the public, to maintain his building in such a reasonably safe condition that pedestrians on the abutting sidewalk of the public thoroughfare should not sustain injury.

2. ———: PROOF: INFERENCE. Negligence is not a fact which is susceptible of direct proof, but an inference deducible from the evidence, and is as frequently in issue, even when the facts are not controverted as where issues of fact are also presented.

3. **Demurrer:** RULE IN PASSING ON: PRACTICE. TRIAL. It is the rule, that in passing upon a demurrer to the evidence it is the duty of the trial court to indulge the plaintiff with every inference of fact in his favor which a jury might draw with any degree of propriety, and unless assuming the facts sought to be proven by plaintiff to be absolutely true, and drawing such inference therefrom, the evidence would be insufficient to sustain a verdict in his favor, the demurrer should not be sustained.

4. ———: QUESTION FOR JURY: FACTS. Where the facts are such that reasonable men may draw different conclusions therefrom, whether under the conditions presented the defendant was charge-able with negligence, the case should not be withdrawn from the consideration of the jury.

5. **Damage:** ELEMENTS OF. In the case at bar, plaintiff should have been permitted to show as an element of damage, that he was in reasonable apprehension of blood poisoning as the possible, if not the probable consequence of his injury produced by an iron barb having penetrated his foot.

6. ———: ———: MENTAL SUFFERING. Mental suffering as a condition of mind produced by physical injury, is as proper an element of the damage sustained as the actual physical injury accompanying and causing it.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

REVERSED AND REMANDED.

*A. P. Tatlow* and *Henry C. Young* for appellant.

It was the duty of the defendant to keep and maintain the guard railing in a safe condition. Abutting, as this heavy, iron-barbed railing did, upon a main thoroughfare of a populous city, it constituted in its loose and unanchored condition a public nuisance and a constant menace to the passer-by. Franke v. City of St. Louis, 110 Mo. 516; Stevens v. Walpole, 76 Mo. App. 213; Kirkpatrick v. Knapp, 28 Mo. App. 427; Merrill v. St. Louis, 83 Mo. 244; Benjamin v. Ry. Co. 133 Mo. 274; Gordon v. Peltzer, 56 Mo. App. 599; Reedy v. Brewing Association, 161 Mo. 534; Carvin v. City of St. Louis, 151 Mo. 334.

*Mann, Seebree & Farrington* for respondent.

(1) As long as the guard rail was placed upon the window sill of respondent's building in such position as to leave it reasonably safe for ordinary travel along the street, respondent was not liable. Gordon v. Peltzer, 56 Mo. App. 599. (2) And before plaintiff can recover he must show, by substantial evidence, that it was not reasonably safe for ordinary travel along the street. Carvin v. St. Louis, 151 Mo. 335. (3) The negligence complained of must be the proximate cause of the injury, and by proximate cause is meant the natural and probable consequence of the act in the light of all the circumstances. Hicks v. Railroad, 46 Mo. App. 304; Walker v. Railroad, 59 Mo. App. 410; Hewlett v. Ozark Lumber Co., 53 Mo. App. 287. (4) Except where contractual relations exist, negligence will not be presumed from the happening of the accident. Sterns v. Spinning Co., 3 Am. Neg. Rep. 485.

REYBURN, J.—Plaintiff sues defendant for personal injuries caused by the alleged negligence of defendant, predicated on the following facts: De-

fendant, a Federal banking corporation, had its place of business in the city of Springfield, in a building of which it was owner and had the care, management and control on the 20th day of September, 1901. The building is located on the public square on the corner of Boonville street, and the sidewalks on both sides are on principal thoroughfares of the city of Springfield. The south side of the bank building is adjacent to and abuts upon the sidewalk on the north side of the public square, and along this side east and west an iron sill course about eight inches above the sidewalk and about eighteen inches in width extended along and formed part of the front of the building, and upon it with spaces of six or seven feet between were erected iron columns supporting the front wall of the structure, and between and back of these columns were installed the plate glass fronts of the banking room, resting upon the sill course, the surface of which was about eight or nine inches above the level of the sidewalk. For the purpose of protecting the glass fronts from injury, a guard railing was placed at the front of the recesses between the iron columns, resting upon and two or three inches from the outer edge of the sill course, these railings being of iron and weighing fifty to seventy-five pounds each, and finished on the top with eight or ten iron barbs or spear points six to eight inches in length. That on the date stated plaintiff stopped on the sidewalk in conversation with an acquaintance, and to get out of the way of the many people passing, as well as to escape the sunlight, stepped in the shade of the building next to one of these guard rails, which almost immediately turned over and fell upon the sidewalk, and one of the barbs penetrated plaintiff's shoe and pierced partly through his foot at the instep, causing the injuries complained of. It appeared that this iron guard rail was not fastened to the window sill upon which it rested, nor to the

columns on either side, but it does not appear what caused it to fall. Appellant, as well as the man with whom he was conversing at the time of the accident, testified that they did not know what caused it to fall, and the latter, that he did not know whether they had touched it or not. The evidence further tended to show that for several months prior to the date of the accident, the guard railing by which plaintiff was injured was resting loosely upon the sill course between the columns, and for that length of time had not been fastened or secured in any manner, and that a slight touch was sufficient to overturn it, and after the injury this guard railing was secured by bolting it to the columns, and that all the other lengths of such railings were fastened and bolted.

The petition set out substantially the following facts, the defendant being charged as having wrongfully, negligently, carelessly, improperly and unlawfully kept and maintained and permitted to remain in, upon, in front of the side of said buliding and premises aforesaid in an unsound, unfast, insecure, defective and dangerous condition, and in a careless, imprudent and unsafe manner a heavy iron railing about six feet long, weighing about fifty pounds, and in consequence of such negligence, careless, imprudent wrongdoing and misconduct of defendant, the guard rail became unbalanced and overturning fell with the points of the barbs towards the sidewalk and injured plaintiff.

At the conclusion of the testimony offered by plaintiff, the defendant prayed the court to instruct the jury to find the issues for the defendant, which instruction was given by the court and plaintiff took a nonsuit with leave to move to set the same aside, which motion being overruled, the plaintiff appealed.

1. Defendant as owner and in possession and charge of its banking house owed the duty to the public, to maintain its building in such a reasonably safe

condition that pedestrians on the abutting sidewalk of the public thoroughfare should not sustain injury. Franke v. City of St. Louis, 110 Mo. 516. Whether the defendant under the facts presented in this case had performed such duty, or whether plaintiff's injury had been caused by ignoring its obligation in that regard, should have been left to the jury to determine under the evidence, with appropriate legal instructions from the court. Negligence is not a fact which is susceptible of direct proof, but an inference deducible from the evidence, and is as frequently in issue, even where the facts are not controverted, as where issues of fact are also presented. Wharton Negligence, sec. 420. The broad rule has been frequently recognized and is of continual application in this State, that in passing upon a demurrer to the evidence it is the duty of the trial court to indulge the plaintiff with every inference of fact in his favor which a jury might draw with any degree of propriety, and unless assuming the facts sought to be proven by plaintiff to be absolutely true, and drawing such inferences therefrom, the evidence would be insufficient to sustain a verdict in his favor, the demurrer should not be sustained. Baird v. Railroad, 146 Mo. 265; Buesching v. St. Louis Gas Light Co., 73 Mo. 219.

The answer of defendant charged no negligence against plaintiff, and under the testimony no negligence contributing to the accident was imputable to him. It appeared that the section of railing which produced the injury had for a long period prior remained loose and insecure, that the remaining spans of railing were bolted, and that after the occurrence this section was in like manner protected. No actual notice to or proof of knowledge of the imperfect and dangerous condition of the unsecured railing was required. The span of railing had been in itself unsteady for so long a period, that in the exercise of due diligence the jury might have concluded that defend-

ant was apprised of its perilous condition. Jegglin v. Roeder, 79 Mo. App. 428. Where the facts are such that reasonable men may honestly draw different conclusions therefrom, whether under the conditions presented the defendant was chargeable with negligence, the case should not be withdrawn from the consideration of the jury. Baird v. Railroad, supra.

2. Plaintiff should have been permitted to show, as an element of damage, that he was in reasonable apprehension of blood poisoning as the possible if not probable consequence of his injury. Mental suffering when a condition of mind produced by physical injury and attending it, is as proper an element of the damage sustained as the actual physical injury accompanying and causing it. Chilton v. St. Joseph, 143 Mo. 192; Deming v. Railroad, 80 Mo. App. 152.

We are of the opinion that the proof entitled the question of negligence to be submitted to the jury, and that error was committed in withdrawing the case from its consideration, for which it is reversed and remanded. *Bland, P. J.,* and *Goode, J.,* concur.