# MOELLMAN, Respondent, v. GIEZE-HENSELMEIER LUMBER COMPANY, Appellant.

### St. Louis Court of Appeals, December 15, 1908.

1. **MASTER AND SERVANT: Practice: Pleading.** Where a petition alleged that the plaintiff, an employee of the defendant, was proceeding across the defendant's barn loft while engaged in his master's business, for the purpose of attending to that business, and fell into a hay chute on account of the negligence of the defendant in leaving the hay chute uncovered and the loft insufficiently lighted, this was sufficient to let in proof that plaintiff was directed by the defendant's foreman to perform the duty which required his going through the loft, without a specific allegation of that fact.

2. **————: Negligence: Contributory Negligence: Jury Question:** Under the evidence in such case it was a question for the jury whether the master was negligent in leaving the chute uncovered and the loft poorly lighted, and likewise it was a question for the jury whether the employee was guilty of contributory negligence in going across the floor so as to fall into the hay chute in the manner he did.

3. **————: ————: Instruction.** In such case where the acts of negligence charged were leaving the hole open and the loft unlighted, it was not error prejudicial to the defendant to require the jury to find that the defendants foreman negligently ordered him to go into the hay loft, where the instruction also required a finding as to the acts of negligence charged as a basis of plaintiff's claim.

4. **PERSONAL INJURIES: Measure of Damages: Future Earnings.** In an action for damages on account of personal injuries it is error to instruct the jury to permit a recovery for future loss of earnings and future medical attention where such future losses were not alleged in the petition.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

REVERSED AND REMANDED.

*Watts, Williams & Dines* and *Wm. R. Gentry* for appellant.

The vice of this instruction is that it allows recovery by plaintiff for loss of earnings in the future, and expenses for medicines, surgical or medical attention or care, and hospital service in the future, when the plaintiff did not allege future loss of earnings, nor future expenses in his petition; nor was there any evidence tending to show that there would be any necessity for medical treatment, medicines or hospital service in the future. Slaughter v. Railroad, 116 Mo. 269; Mellor v. Railroad, 105 Mo. 455; Coontz v. Railroad, 115 Mo. 669; Pinney v. Berry, 61 Mo. 366; Railroad v. Flood, 70 S. W. Rep. 331; Gibler v. Railroad, 203 Mo. 208; Minster v. Railroad, 53 Mo. App. 276; Morris v. Railroad, 144 Mo. 500; Madison v. Railroad, 60 Mo. App. 599; Norton v. Railroad, 40 Mo. App. 642; Nelson v. Railroad, 113 Mo. App. 659; Duke v. Railroad, 99 Mo. 349.; Smith v. Railroad, 108 Mo. 243; Robertson v. Railroad, 152 Mo. 382; Waldopfel v. Transit Co., 102 Mo. App. 529; Rhodes v. City of Nevada, 47 Mo. App. 499; Pentenoy v. Transit Co., 108 Mo. App. 681.

*Perry Post Taylor* and *Emil Mayer* for respondent.

(1)    The petition states that plaintiff was "engaged in the business of defendant" and "for the purpose of attending to defendant's business," entered said stable, etc.    Defendant did not challenge the sufficiency of this statement either by a motion to make more definite and certain or by demurrer, nor did it even avail itself, if such objection was valid, of the opportunity of objecting to the introduction of any evidence under the petition.    Now, after verdict, it cannot be heard to complain for the first time, of the insufficiency (if such there was), of the petition.    R. S. 1899, sec. 672; Hurst v. Ash Grove, 96 Mo. 168; Dodge v. Coal & Coke Co., 115 Mo. App. 501.    (2)    The question as to

whether or not defendant was negligent in maintaining the hay chute as it did has been settled by the verdict of the jury. Williams v. Mining Co. (Colo.), 7 L. R. A. (N. S.) 1170. Even where the evidence is all one way, yet, as to the question of negligence, when reasonable men might differ as to whether or not, from such facts, the defendant had been guilty of negligence, the question is for the jury. Butts v. Bank, 99 Mo. App. 168; Lamb v. Railroad, 147 Mo. 171; O'Mellia v. Railroad, 115 Mo. 205. "Negligence may be disputed when the facts are undisputed; and the question in such case, when the dispute is real and serious, is eminently one for the jury under the direction of the court." Baird v. Railroad, 146 Mo. 281.

GOODE, J.—Plaintiff fell down a hay chute in the loft of a barn belonging to the defendant company, fracturing his left knee cap—an injury which proved to be serious and permanent. Plaintiff was employed by defendant in its lumber yard for various duties. He swore he was subject to the orders of the officials of the company or its foreman, Kelting, and did nearly all kinds of work. There was a two-story barn on the lumber yard, along which an exterior platform ran on a level with the floor of the second story. One day Kelting was on the platform endeavoring to thrust a screen door through a door in the side of the barn which opened into the loft. He experienced difficulty in getting the screen through the opening and plaintiff, who was watching in the yard nearby, asked if he (plaintiff) should assist. According to plaintiff's testimony Kelting answered "yes"; and thereupon plaintiff went through the first story of the barn, climbed a ladder to the second story and attempted to walk across the floor to the loft to reach the corner where Kelting was at work with the screen door, in order to assist him. When plaintiff reached the loft he found it dimly lighted through a dusty, cobwebby window. He said the light

was very poor in the loft and it was nearly dark there. He was surprised at not seeing the opening where Kelting was at work; a circumstance due to a partition running between plaintiff- and said opening, of which he was unaware, never having been in the loft. This partition was on the opposite side of the loft from the ladder aperture where plaintiff had emerged into the room, and served to cut off a gangway a few feet wide between the main body of the room and the outside wall. Bars of light streamed between the boards of the partition, and plaintiff walked across the floor toward this light. In doing so he fell into the chute, which was nearly against the partition wall. He testified he was not thinking of a hole in the floor, but was walking along as a person commonly does, looking down at the floor, and the first thing he knew he found himself at the bottom of the chute in a manger. His knee cap struck against the edge of the manger and was broken. We have recited the substance of the testimony as plaintiff gave it, though it was contradicted in one respect by Kelting, who testified he answered "no," when plaintiff asked him if he wished assistance. Other testimony was, plaintiff said immediately after the accident it was his own fault and nobody was to blame but himself. The acts of negligence charged in the petition are: failing to cause the loft to be lighted or to warn plaintiff of the existence of the hole in the floor, and leaving the hole unguarded. The answer alleges plaintiff went into the loft voluntarily, without an order or request from defendant, or its foreman, and passed across the floor in a careless manner, not looking where he was walking or using care to avoid falling through the hay chute, although he should have known it was in the floor. The jury returned a verdict in plaintiff's favor for $3,000, and judgment having been entered for that sum, this appeal was prosecuted.

1. It is said the petition fails to state a cause of action, because it does not aver plaintiff was executing

an order given him by defendant, or discharging a duty within the range of his usual duties when he was hurt; citing Stagg v. Tea & Coffee Co., 169 Mo. 489. The petition alleges plaintiff was employed as a laborer and it was his duty to pile lumber and do whatever was required of him by defendant or its foreman; that plaintiff entered the loft and proceeded across the floor while engaged in defendant's business and for the purpose of attending to its business. We consider those statements sufficient to let in proof; particularly as no objection was made to the petition by demurrer, motion or objection to the introduction of evidence. The natural intendment of the averments is that plaintiff was hurt while about a task in the line of his duty, and one he had been asked to perform. The testimony of plaintiff was positive that the foreman had requested his assistance, and the instruction precluded a verdict for plaintiff unless this was true. When a fact essential to be proved may fairly be implied from the petition, even though it is not charged in so many words, the defect in the pleading is cured by verdict. [Hirsch v. Ash Grove, 96 Mo. 168; Munchow v. Munchow, 96 Mo. App. 553.]

2. Error is assigned because of the refusal of the court to direct a verdict for defendant. The assignment is supported by several arguments, each of which calls on us to determine issues of fact. The evidence was uniform in regard to the condition of the loft, except as to the quantity of light which flowed into it. Appellant says the custom is to leave open hay chutes in lofts of barns, and, therefore, plaintiff was bound to be on the watch for such an opening in the floor. Plaintiff's testimony on this matter was the other way; for he said he never had seen these openings in barn floors, but all hay chutes he had seen like the one in question, were made with covers. The court cannot say on judicial notice, there was so general a custom to leave hay chutes open as would bind plaintiff to look out for the one he fell into, or as would excuse defendant from covering it,

under the rule that it was only required to conform to usage. [Minnier v. Railroad, 167 Mo. 99.] Plaintiff swore he was looking at the floor as he walked, but without consciousness that he might fall into a chute. The hole appears to have been in an open space in the floor, left to one side of bales of hay piled in the loft. This space was where plaintiff, or any one else who had occasion to move about in the loft, naturally would walk; and it was the convenient way to where Kelting was at work. From the pictures in the record, it looks like it was necessary for plaintiff to open a door in the partition to assist Kelting; which door was immediately above the hay chute, but did not extend to the floor. Whether defendant was negligent in leaving the chute uncovered where it was, and with the loft lighted as plaintiff said it was, and whether it was contributory negligence on his part to walk across the floor in the manner he did, were issues for the jury; on the principle that where evidence on contested issues is uniform, if different inferences reasonably may be deduced, questions of fact arise. [Baird v. Railroad, 146 Mo. 295; Putts v. Bank, 99 Mo. App. 168.].

3. The main instruction given for plaintiff, is challenged on the ground that it permitted the jury to find for him because of negligence not alleged, i. e. an order by the foreman for him to go into the hay loft. Said instruction, as well as others requested by defendant, required a finding that plaintiff entered the loft pursuant to a request from the foreman; but this was for the purpose of advising the jury plaintiff could not recover if he went there of his own motion and without a request; not for the purpose of authorizing a verdict merely because he was directed by the foreman to go there and without reference to whether one or more of the acts of negligence alleged had been established. The instruction required the jury not only to find a request, but to find plaintiff, while obeying the request, and exercising ordinary care to avoid injury to himself,

fell through another hole in the floor (*i. e.* one differ-
ent from the place where the ladder was) and to find
also the existence of this other hole was unknown to
plaintiff and could not, by the exercise of ordinary care
on his part, have become known to him; that its exist-
ence was known to defendant and its foreman, or by
the exercise of ordinary care could have been; that the
loft was unlighted and plaintiff could not have seen the
hole or have avoided falling through it; that defendant
was negligent in leaving it open and unguarded, and in
maintaining the loft in a dimly lighted condition. It
will be seen, therefore, the acts of negligence on which
a verdict was authorized for plaintiff were charged in
the petition—negligently leaving the hole open and un-
guarded and the loft poorly lighted. We find no fault
in the instruction.

This appeal presents the ever occurrent error of an
instruction on the measure of damages broader than the
averments of the petition or the evidence warrant. The
damages alleged were these:

That plaintiff "fell through said hole and was pre-
cipitated to the floor below, thereby sustaining injuries
to his knee, injuring and breaking the cap thereof and
injuring the joint, whereby plaintiff was bruised and
wounded and has ever since been prevented from attend-
ing to his business of a laborer and has been put to
great expense for medical and surgical attendance, for
hospital service and for medicines; that by reason of
said injuries plaintiff will be for a long time, if not
permanently, deprived of the complete use of his knee
and limb, and has suffered and will continue to suffer
great pain and anguish of mind and body; all to his
damage in the sum of ten thousand dollars ($10,000)
for which sum, together with his costs, he prays judg-
ment against defendant."

An instruction told the jury if the verdict was for
plaintiff, to assess his damages at such sum as would
fairly compensate him for injuries to his person which

he had suffered by reason of the accident, considering whether the injury was temporary or permanent; for any pain of mind or body he had suffered or might suffer; for any earnings he had lost or might lose; for any expense for medicines, medical attention or hospital service which had been necessitated or might be required in the future, considering their fair and reasonable value. This instruction permitted a recovery for future loss of earnings and future medical attention, care and hospital service, though neither of those items was alleged. The decisions in this State are quite strict, and perhaps over-strict, in requiring instructions on the measure of damages to be confined to the damages averred in the petition and supported by the evidence. Loss of earnings or expense of medical treatment, medicines and hospital service, must be alleged and proved to be recovered. [Morris v. Railroad, 114 Mo. 500; Slaughter v. Railroad, 116 Mo. 269; Coontz v. Railroad, 115 Mo. 669; Mellor v. Railroad, 105 Mo. 455; Pinney v. Berry, 61 Mo. 366.] The Slaughter case and other cases, hold that averments of permanent injuries do not suffice to admit proof of loss of earnings. It was ruled in Bartley v. Trorlicht, 49 Mo. App. 214, that future loss of earnings might be recovered though not averred and a distinction was attempted between the loss of past and of future earnings, as regards the necessity of averment. If a plaintiff distinctly avers he has lost earnings in the past and asks damages for the loss, without saying anything about the future, it looks like the inference is he counted on loss of past earnings alone. This point need not be decided, because the instruction was erroneous in permitting a recovery for the expense of future medical attention, medicines and hospital services; no damages of that kind having been averred or testimony received which even indicated such expense would be entailed on plaintiff in the future. His physician swore his limb was permanently injured and he never would be any better; but he appears to have been discharged

as cured to the degree a cure was possible. There is nothing to show he would require further treatment. In this respect the instruction was erroneous. [M. K. & T. Railroad v. Flood (Tex.), 70 S. W. 331.] On the second trial an instruction on the measure of damages, clearly within the allegations and the proof, can be given.

It is insisted the verdict is so reasonable in amount the judgment should be affirmed notwithstanding the fault in the charge on the measure of damages. We have reflected a good deal over this proposition without being able to accede to it. In our opinion the question of plaintiff's damages ought to be resubmitted to a jury under proper advice.

The judgment is reversed and the cause remanded. All concur.

