## E. HOEL, Respondent, v. UNDERWRITERS LAND COMPANY, Appellant.

Springfield Court of Appeals, July 28, 1913.

1. **NEGLIGENCE: Question for Jury, When.** Negligence is not a fact which is susceptible of direct proof, but an inference from facts put in evidence. When the facts are undisputed, the question of whether an inference of negligence can be deduced is one of fact for the jury under proper instructions from the court.

2. ———: **Master and Servant: Injury to Servant: Question for Jury.** Plaintiff was injured in a mine while assisting a number of other employees in carrying a turnsheet from one part of the mine to another. Whether or not defendant was chargeable with actionable negligence in failing to provide supports on which to rest the turnsheet while it was being lowered into a depression made to receive it, *held* to be a question for the jury.

Appeal from Jasper County Circuit Court, Division No. One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Spencer, Grayston* and *Spencer* for appellant.

(1) The rule of res ipsa loquitur has no place in a case where specific negligence is alleged in the petition.

Tighe v. Railroad, 129 Mo. App. 498; Feed & Coal Co. v. Railroad, 129 Mo. App. 498; McGrath v. Transit Co., 197 Mo. 97; Feary v. Street Railway, 162 Mo. 75; Kennedy v. Street Railway, 128 Mo. App. 297. (2) The instrument which inflicted the injury in this case was simple and whatever danger attended the moving and placing of same by the method adopted was obvious and as well understood by the plaintiff as by any representative of the master, and the "Simple Tool" Doctrine is applicable to this case. Dickinson v. Jenkins, 144 Mo. App. 132. (3) It was the duty of the plaintiff to show by evidence that the defendant failed in the performance of a duty owing him. Courter v. Mercantile Co., 136 Mo. App. 517.

No brief filed for respondent.

FARRINGTON, J.—This was a suit for damages for an injury to plaintiff's forefinger on his right hand. The jury gave him a verdict for $137 and defendant appealed.

The plaintiff at the time of his injury had been an employee of the defendant for about four or five months, working in its mine as a shoveler. On this particular occasion while plaintiff was engaged in his regular duties, he was called, together with twenty-two other employees, to carry a "turnsheet" from one point in the mine to another point about two hundred feet distant and to lay the same in a place from which a similar structure had been removed. This turnsheet was made of planks (2 x 12's) spiked together so that one set of planks crossed the other at right angles, and it was eight feet square. One side was covered with a sheet of steel so as to give it a smooth surface. This structure was used at the ends of divergent tracks in the mine, serving the purpose of a turntable for the mine cars, the turnsheet being placed on a level with the tracks and the mine cars being pushed from the

tracks onto the turnsheet and turned upon the smooth surface thereof and headed onto the track desired. In letting the structure down, the plaintiff's finger was caught and a part of it pinched off at the end. The moving of turnsheets did not occur regularly, and the evidence showed that this was about the third time one had been moved. Upon one of the prior occasions, it had been moved as this one was moved—by carrying it intact from one place to another. Upon the other previous occasion, it had been taken apart, but there is some testimony tending to show that this was due to the fact that some of the boards were in bad condition and it was necessary to replace them.

The charge of negligence contained in the petition is as follows: "That on or about the —— day of October, 1911, the plaintiff, together with about eighteen or twenty other employees of defendant, were ordered by defendant to pick up and carry said turnsheet about three hundred feet, and to deposit the same upon the floor of one of the drifts of said mine at a point indicated and directed by defendant. That defendant carelessly and negligently failed and omitted to provide and furnish timbers or any other contrivance of appliances whatever upon which to rest or lay said turnsheet at the point to which defendant ordered and directed said turnsheet to be carried and deposited as aforesaid, so as to assist and enable plaintiff and his colaborers to lay or rest said turnsheet in depositing and placing it in proper place and position upon the floor of said drift, so as to prevent the catching of the hands and fingers of plaintiff and his colaborers between the underside or edge of said turnsheet and the floor of the drift of said mine in depositing it upon the floor of said drift. That in pursuance of the order and direction of defendant as aforesaid, plaintiff and his colaborers carried said turnsheet to the place in defendant's mine to which they had been directed and ordered, and upon arriving at said place, defendant by its agents and servants

having authority so to do, carelessly and negligently directed plaintiff and his colaborers to drop said turn-sheet upon the floor of said drift of said mine, and in dropping said turnsheet upon the floor of said drift plaintiff's hand was caught,'' etc.

Defendant's answer was a general denial.

The defendant admitted during the course of the examination of plaintiff's witnesses that it had not provided any timbers or supports upon which to place the turnsheet. It was merely placed in the depression, where one had been which was previously removed.

At the close of plaintiff's evidence, defendant of-fered a peremptory instruction, which, being refused, defendant declined to introduce any evidence, and the jury was instructed and in due course returned a ver-dict for the plaintiff.

The case was submitted to the jury to determine the issue of whether or not the failure to provide tim-bers or supports or other appliances or contrivances upon which to rest the turnsheet was negligence.

The record shows that plaintiff was a shoveler working in defendant's mine, and that the foreman called him, along with twenty-two other laborers, to move the 2500 pound turnsheet. The foreman knew what preparation had been made to receive it at the place where it was to be laid. The evidence shows that plaintiff, when called, was working some little distance from the place where it was to be deposited and did not know whether or not any preparation had been made to receive it and did not know the condition of the depres-sion in which it was to be placed.

The defendant on its sole assignment of error con-tends that the evidence adduced failed to make a case to be submitted to the jury in that there is no evidence of negligence; and assuming, as it does, that there is no proof of negligence, it filed a brief and argument here supporting the theory that where negligence is not proven or a state of facts developed from which negli-

gence may reasonably be inferred, and specific acts of negligence are charged, the doctrine of *res ipsa loquitur* does not apply.   But the view we take of the case is that defendant assumed more than the record justifies in its position that the evidence does not disclose any negligence.   As has been often held, negligence is not a fact which is the subject of direct proof but an inference from facts put in evidence, and when the facts are undisputed, the question of whether an inference of negligence can be deduced is one of fact for the jury under proper instructions of the court.   [Baird v. Railway Co., 146 Mo. 265, 281, 48 S. W. 78.]   "Negligence is something invisible, intangible, and, for the most part, incapable of direct proof, like sensible facts or physical events.   It is, in general, a matter of inference from other facts and circumstances which admit of direct proof, and which may raise a presumption of the truth of the main fact to be proved.   These facts and circumstances must be such as would warrant a jury in inferring from them the fact of negligence by reasoning in the ordinary way, according to the natural and proper relation of things and consistently with the common sense and experience of mankind."   [Callahan v. Warne, 40 Mo. 136.]

The facts of this case leading up to and surrounding the occurrence of the accident are undisputed. The evidence shows that the turnsheet or platform, weighing about 2500 pounds, was ordered moved from a certain place in the mine and deposited in a depression from which an old one had been removed at some previous time.   Twenty-three men were required to carry the structure, and the distance to be covered was about two hundred feet.   Nothing was placed in the depression to let the platform down on.   There was no custom shown with reference to moving such platforms, for the reason, perhaps, that this was the only mine where this appliance was used according to the knowl-

edge of the witnesses.   It is true that plaintiff's pro-
portional part of this 2500 pound load was only a little
more than 100 pounds; but it must be borne in mind
that his part of the load was not under his control, but
was to be carried and let down subject to the action
and strength of twenty-two other laborers.   Had the
plaintiff prepared or helped prepare the place where
the turnsheet was to be deposited, or had he known
from any source how the platform was to be let down
before he reached there with the load and undertook to
do the work, it might be said that he had assumed the
risk of letting it down as it was done; but the evidence
shows that he did not know what preparation had been
made, and he testified that he was on the far side from
the place where the structure was to be let down and
the turnsheet and the other workmen were therefore
between his vision and the ground.

In order to sustain appellant's contention it would
be necessary to hold that the gathering from different
parts of the mine of a body of shovelers and workmen,
with no evidence that they were trained as a body to
work in unison in handling large objects, with a knowl-
edge which is common to all untrained men, where the
safety of one depends upon the conduct of all as a body,
do not when called together to do such work, move as
one body, is in law no proof of negligence.   In other
words, a load of 105 pounds in the hands of one man
might be very easily carried and lowered by him, but
a load of 105 pounds to be lowered to the ground where
his action in so doing is subject to the action of twenty-
two other men each with a similar load, might become
a complicated undertaking.   Having shown all the
facts surrounding this undertaking, which are undis-
puted, it becomes a question of whether or not the in-
ference of negligence can reasonably be drawn from
those facts.   To hold as appellant would have us hold,
we must say that under these circumstances an ordi-
narily prudent master would have ordered, directed

and supervised the moving of this platform just as the
defendant's foreman did.   In doing it in this way, in
the absence of any custom and in the absence of any
risk assumed and in the absence of contributory negli-
gence—there being no claim by appellant that the lat-
ter element is in the case—it is a very serious question
whether appellant did act as an ordinarily prudent
person would have acted in directing the performance
of this particular work and certainly one about which
the minds of reasonable men might differ.   There are
numerous cases in the appellate reports of this State
sustaining the view we take, that the negligence under
a state of facts similar to that disclosed in this record
is a question of fact and not of law and therefore must
be submitted to the determination of a jury.   In the
case of Hollweg v. Bell Telephone Co., 195 Mo. 149,
93 S. W. 262, the court announces the doctrine we ad-
here to and quotes with approval from the case of
Baird v. Railway Co., supra.   So, in the case of Sam-
bos v. Railroad, 134 Mo. App. 460, 114 S. W. 567, the
facts disclosed are subject to no stronger inference of
negligence than those in the case at bar; yet the court
held that the question of negligence or no negligence
should have been submitted to the jury under the evi-
dence adduced.   And in the case of Moellman v. Lum-
ber Co., 134 Mo. App. 485, 114 S. W. 1023, where the
plaintiff fell into an unguarded hay chute in a loft, the
question as to whether the defendant was guilty of
negligence in not protecting the hay chute or in not in-
forming the plaintiff of its existence was held to be one
to be determined by the jury.   The same principle is
announced in the case of Butts v. National Exchange
Bank, 99 Mo. App. 168, 72 S. W. 1083.

The court submitted this case to the jury on proper
instructions defining negligence, casting the burden of
proof upon the plaintiff, and requiring the jury to find
that what was done by the defendant would meet the
measure of what an ordinarily prudent master would

do.    The jury found that an ordinarily prudent master would not have directed the work as this defendant did, in the absence of knowledge brought to the plaintiff of the place prepared where the platform was to be let down.    With no showing of contributory negligence, we must hold that the case was properly tried.    The judgment is affirmed.    All concur.