J. T. SCOBEY, Respondent, v. ALLEN COOPERAGE
COMPANY, Appellant.

Springfield Court of Appeals, January 14, 1922.

1. **MASTER AND SERVANT:** Negligence in Failing to Warn Inex-
perienced Employee Sawing on Fallen Tree, Held for Jury. In an
action for injuries to an inexperienced employee sawing a fallen

tree into logs while the top was lodged against other trees, whether his foreman was negligent in failing to warn him of the danger of being struck by the log, which burst and fell towards him because of the pressure, *held* for the jury.

2. ————: Contributory Negligence of Inexperienced Employees Sawing Fallen Tree into Logs, Held for Jury. Whether an inexperienced employee sawing a fallen tree into logs was guilty of negligence contributing to his injuries, sustained when struck by the log which burst and fell towards him because of the pressure from the top of the tree, *held* for the jury.

3. ————: Assumption of Risk by Inexperienced Employee Sawing Fallen Tree into Logs, Held for Jury. Whether an inexperienced employee, sawing a fallen tree into logs, assumed the risk of being struck by log when it burst and fell towards him because of the pressure, *held* for the jury.

4. ————: Contributory Negligence Need not be Pleaded. In an action for injuries to employee, employer need not plead contributory negligence.

5. ————: Assumption of Risk Need not be Pleaded. Employer need not plead assumption of risk to avail himself thereof.

6. TRIAL: Plaintiff's Evidence Taken as True, and Defendant's Evidence Excluded, on Demurrer to Evidence. On defendant's demurrer to the evidence, all of plaintiff's evidence must be taken as true, as well as every reasonable inference deducible therefrom, and the evidence on the part of defendant, which is contradicted, must be considered as excluded.

7. MASTER AND SERVANT: Relation of Foreman or Independent Contractor, Held for Jury. In action for injuries to employee cutting logs, the question of whether the person, who hired plaintiff, and whose negligence was alleged to have caused the injury, was defendant's foreman or was an independent contractor, *held* for the jury.

8. ————: Employer Held Estopped to Assert Injured Employee's Employment by Independent Contractor. If employer's manager told millyard employee to work for named person in cutting timber, and informed him that he would be paid for such work at employer's office in same manner as when working in millyard, and that in working for such person "you are working for us," the employer, in action for injuries to the employee, sustained while cutting timber, was estopped to rely upon defense that such person was an independent contractor.

Appeal from the Circuit Court of Dunklin County.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*Ely & Pankey* for appellant.

(1)   There was no testimony that respondent was an employee of Allen Cooperage Company, and that the relation of master and servant existed.   Morgan v. Bowman, 22 Mo. 538; Long v. Moon, 107 Mo. 334; Benjamin v. Metropolitan Street Ry. Co., 133 Mo. 274; Carter v. Berlin Mills Co., 58 N. H. 52; 22 Am. St. Rep. 459-463; 33 Am. St. Rep. 692; Frye v. Hobert-Lee Tie Company, (Jan. 1, 1921) 226 S. W. 962.   (2)   There is no evidence in the record showing that the appellant was guilty of any negligence that caused the injury to the respondent. (See Abstract of the Record).   Williams v. St. Joseph Artesian Ice and Cold Storage Company, 214 S. W. 388 (1919) ; Yarbrough v. Wisconsin Lumber Co., 211 S. W. 713, l. c. Col. 1—714 (1919) ; Frye v. Hobert-Lee Tie Co., (1921) 226 S. W. 962 (not officially reported, found in advance sheets of S. W. Reporter, February 23, 1921; Brighwell v. Lusk, 194 Mo. 643, l. c. 649, 189 S. W. 413; American Brewing Assn. v. Talbot, 141 Mo. 674, l. c. 683, 42 S. W. 679; Foley v. McMahan, 114 Mo. App. 442, l. c. 445, 90 S. W. 113; Hysell v. Swift & Co., 78 Mo. App. 39; Glover v. K. C. Bolt and Nut Co., 153 Mo. 327, 55 S. W. 88.   (3)   If the relation of master and servant existed, there was no proof of negligence. Frye v. Hobert-Lee Tie Co., 226 S. W. 962 (not officially reported, but found in advance sheets, S. W., February 23, 1921).

*A. L. Harper* and *McKay & Jones* for respondent.

(1)   There was testimony that respondent was in the employment of appellant, and that the relation of master and servant did exist, which made it a question of fact to submit to the jury and the verdict is binding

on appellant. Cannon v. Laclede Gas Light Co., 145 Mo. 502; Kellar v. St. L. Butchers Sup. Co., 229 S. W. 173; Smoot v. Kansas City, 194 Mo. 513. (2) Contracts of employment are subject to the same rules of construction as other contracts, and whether or not the relation of master and servant existed in this cause is a question of fact and is to be proved as other questions of fact. 26 Cy. 969, 971; Jewell v. Bolt & Nut Co., 231 Mo. 176. (3) Appellant is estopped to deny that a contract of employment existed between it and respondent by his conversation with respondent prior to his beginning the work at which he was engaged at the time of his injury. Cornvall v. Gauser, 85 Mo. 678; State Bank v. Frame, 112 Mo. 502. (4) Negligence is not a fact which is susceptible of direct proof, but an inference from fact put in evidence. When the facts are undisputed as in this cause, the question of whether an inference of negligence can be deduced is one of fact for the jury under proper instructions from the court. Hall v. Land Co., 173 Mo. App. 557; Hollweg v. Bell Tel. Co., 195 Mo. 149; Dean v. Railroad, 199 Mo. 386; Burton v. St. Louis, 248 Mo. 110; Lowe v. Railroad, 165 Mo. App. 542.

BRADLEY, J.—This is an action for damages for personal injury. On trial below before the court and a jury, plaintiff obtained a judgment for $600, and from this judgment defendant appealed.

Plaintiff with one Wilbanks was engaged in cutting stave timber. They had cut a tupelo gum, something like eighteen inches or two feet at the butt, and about a forty foot tapering body. The tree did not clear the stump, which was about two and one-half or three feet high, nor did it fall entirely to the ground, but lodged against three trees in such manner that there was considerable pressure transmitted to the body of the fallen tree. The three trees were up near the top of the fallen tree. Fastened at the stum and held firm near the top, the log of the tree was in a *strain,* as some of the witnesses expressed it. The tree had fallen so nearly down that

it was low enough to saw, and plaintiff and Wilbanks with a six-foot crosscut saw started to saw off a log about twenty feet from the stump. Plaintiff was on the right hand side of the tree and was sawing right handed, his right foot and leg forward and next to the log. At the place where the log was being cut off the tree was a foot or eighteen inches in diameter. Before the saw was *buried* the log split or burst, and swung or fell towards plaintiff because of the pressure in his direction, and broke his right leg.

Plaintiff alleged that he was inexperienced in cutting timber and that he so informed Wilbanks, who, he alleged, was defendant's foreman. He also alleges that he informed Wilbanks that he would rely upon him to be on the lookout and warn him of any danger, and that Wilbanks promised and agreed to be on the lookout and to warn him of any danger. Plaintiff further alleges that he suggested to Wilbanks that the tree be removed from the stump before they attempted to cut the same into logs, but that Wilbanks stated that such was not necessary, that they could use wedges to prevent pinching; and relying upon the knowledge and skill of Wilbanks plaintiff alleges that he proceeded and was injured. Plaintiff follows these specific allegations with an allegation that it was defendant's duty to furnish him a reasonably safe place to work, and that it negligently failed to do so. The answer is a general denial.

Defendant makes two assignments: (1) That its request for a directed verdict should have been given at the close of the whole case; (2) that error was committed in giving instructions for plaintiff.

Plaintiff testified as to his inexperience, and his reliance on Wilbanks as he alleged in his petition. Concerning his employment plaintiff testified: "Well, he (Wilbanks) only met me and asked me where he could get a hand and I told him I wanted to work; I had no job, and he said he would like to hire me to saw—cut timber on Varner River, and I told him I was afraid, I

210 M. A.—20

never cut any timber, and he kept on insisting on me and I told him I would come out and help him if he would look out for the danger, that I was afraid; that I didn't know danger of the trees, and he said he would.'' Speaking of the situation and circumstances immediately preceding his injury plaintiff testified that before they began to saw the log he asked Wilbanks if it was dangerous, and that Wilbanks said: ''No, we will follow it (the saw) with a wedge and chop it off underneath with an axe, and it will not be dangerous;'' and that before they got the saw buried far enough to put a wedge in, the log burst and broke his leg. Plaintiff's case is bottomed upon the allegation that he was inexperienced, and suggested the possible danger from the log in its strained condition, and that Wilbanks stated in effect that there was no danger, and that relying upon Wilbanks he proceeded and was injured. Plaintiff's evidence tends to support this allegation. It is not alleged that Wilbanks was negligent in anything that he said or did, but the facts from plaintiff's view point are stated, and supported by the evidence, and these facts if true would tend to show negligence. Measured by a demurrer the situation is this: Plaintiff knew nothing about cutting timber; he so informed Wilbanks, and Wilbanks promised to look out for him. The tree where plaintiff was injured was in a strain and proved to be dangerous. Plaintiff sensed this danger, but was in effect assured by Wilbanks, an experienced timber man, that there was no danger. We cannot say in these circumstances as a matter of law that Wilbanks was wholly free from negligence or that plaintiff was guilty of any negligence that contributed to his injury or that he assumed the risk which he encountered. Neither contributory negligence nor assumption of risk is pleaded, but if either condition existed without question plaintiff could not recover, regardless of the failure to so plead. [Columbia Taxicab Co. v. Roemmich, 208 S. W. (Mo. App.) 859; Lumb v. Forney, 190 S. W. (Mo. App.) 988.]

As stated plaintiff did not allege that Wilbanks was negligent in anything that he said or did, except the general allegation that defendant negligently failed to furnish him a reasonably safe place to work. No point, however, is made against the petition. Negligence is not susceptible of direct proof, but is an inference from facts put in evidence. [Hoel v. Land Co., 173 Mo. App. 557, 158 S. W. 694.] In Callahan v. Warne et al., 40 Mo. 131, l. c. 136, it is written: ''Negligence is a thing which by its very nature pertains to human conduct, and the action of the mind and will. It is something invisible, intangible, and for the most part incapable of direct proof, like sensible facts, or physical events. It is, in general a matter of inference from other facts and circumstances which admit of direct proof, and which may raise a presumption of the truth of the main fact to be proved. These facts and circumstances must be such as would warrant a jury in inferring from them the fact of negligence, by reasoning in the ordinary way, according to the natural and proper relations of things, and consistently with the common sense and experience of mankind.''

Measured by the demurrer all of plaintiff's evidence must be taken as true, as well as every reasonable inference deducible therefrom, and the evidence on the part of defendant which is contradicted must be considered as excluded. [Holweg v. Bell Telephone Co., 195 Mo. 149, 93 S. W. 262; Link v. Railroad, 233 S. W. (Mo. App.) 834; Forbes v. Dunnovant, 198 Mo. 193, 95 S. W. 934.] Considered in this light plaintiff was entitled to go to the jury on the question of Wilbanks' negligence.

Defendant contends, however, that if it be found that Wilbanks was negligent in and about the matters and things charged, that still plaintiff cannot recover because Wilbanks was an independent contractor, and that he employed plaintiff, and that defendant is in no wise responsible. Wilbanks testified that he was not the foreman of defendant; that he was not its agent; that he was cutting timber by the thousand feet, and

that defendant had nothing to do with his manner of work in the woods. That he furnished his own tools, and that one Harris was woods foreman of defendant, and that Harris employed him to cut by the thousand, and that he, Wilbanks, employed plaintiff and paid plaintiff for the two or three days plaintiff worked; and that defendant had nothing to do with such employment. Harris testified that he employed Wilbanks to cut by the thousand, and that he had no control over whom Wilbanks employed or the manner of his work. Defendant's manager, R. H. Allen, testified to the same effect. On the other hand plaintiff testified: "Well, the day that I was talking to Mr. Wilbanks it was late in the evening, and the next day I went up to the mill, not knowing Mr. Wilbanks very long, and asked Mr. Allen—I had a job there on the stave mill yard hauling sawdust, and I asked him would he take the job away from me when I got through cutting timber if I went out and helped Wilbanks, that Wilbanks wanted me and I didn't personally know Wilbanks, and he said, 'Go on out and help Wilbanks.' That he needed men there; that Wilbanks didn't have any men, and I says 'Well, what about pay?' and he says, 'You can get your money at the office just like you did, when you are working for Wilbanks you are working for us.'" Plaintiff says that relying upon what Allen said he went to work in the timber. Gus Clark was with plaintiff when he went to see Allen and testified substantially to the same state of facts as to what Allen said. One Lebo testified that he was at the mill yard of the Allen Cooperage Company and heard a conversation between Wilbanks and Allen in which Wilbanks said that he would work in the woods for $2.50 per day, and that Allen said to go ahead and he would furnish tools and let him be foreman. A witness named Stevens testified that he went to the Allen Cooperage Company to see about some wood and that he heard Allen ask Wilbanks how it would suit him to take a gang of men and run the timber job for $2.50 per day, and that Wilbanks said, "All right." Plaintiff and

Clark, according to their evidence, went to see Allen August 12th. Stevens fixes the date when he heard the conversation between Allen and Wilbanks as about the 1st of August. Lebo fixed no date. Allen and Wilbanks denied having the conversations mentioned. We cannot say that there was no substantial evidence tending to show that Wilbanks was acting as defendant's foreman. What we have said, supra, as to the evidence when measured by a demurrer is likewise applicable to the facts just stated. Defendant's peremptory request for a directed verdict was properly refused.

Defendant challenges instruction number 1 on the ground that it failed to require any finding of wherein defendant failed to furnish plaintiff a reasonably safe place to work. The instruction follows the petition and evidence, and is not broader than the petition. It does specify wherein defendant failed to furnish plaintiff a reasonably safe place to work when it predicates recovery on the facts pleaded and in evidence upon which plaintiff relies. General and specific negligence are pleaded and submitted, but no point was made in this respect at the trial or here.

Instruction number 2 is challenged on the ground that it assumes facts not proven, and that there was no evidence to support the theory that defendant had waived its right to assert that Wilbanks was an independent contractor. Instruction number 2 is as follows: "The court instructs the jury that if you find and believe from the evidence in this case that on or about the —— day of August, 1917, and before plaintiff began work cutting timber for the defendant under his employment by Wilbanks, if any, he, the plaintiff, had a conversation with R. H. Allen, in which conversation, if you find such conversation occurred, the said R. H. Allen informed plaintiff that when he was working for Wilbanks he was working for the Company and would get his money through the Company, and requested him to go on and work for Wilbanks; and if you further find from the evidence that the said R. H. Allen was the general super-

intendent of defendant Company and had authority to give such order and request to plaintiff; and if you further find that plaintiff herein relied upon the statements of the said R. H. Allen, general superintendent of said Company, if you find he was superintendent of said company and believe that he was working for the company when he was cutting the timber at the time he received his injury, if any, as shown by the evidence herein, then and in that event you are further instructed that the defendant Company had waived its right to assert that Wilbanks was an independent contractor, and the Company is now estopped to deny that plaintiff herein was an employee of defendant Company and that Wilbanks was his foreman on the timber job in which plaintiff was injured, if you find he was injured.''

The only fact which could be said to be assumed in the instruction is that Allen was general superintendent. There is no evidence that Allen was general superintendent. Harris was logging superintendent and Allen had no authority to hire or discharge man in the logging department. Allen, however, was over Harris. He could discharge Harris, but had no authority to discharge the men Harris employed according to the evidence of Harris. Allen testified that he was manager, that his duties as manager were to manage the plant along with his son, and that whatever he did was understood to be final We think that the mere fact that plaintiff designated Allen in instruction number 2 as general superintendent is not of serious consequence. The important issue submitted in this connection was: Did Allen have authority to employ plaintiff to work for or with Wilbanks? Allen did not explain the limitation of his authority. He said that *whatever* he did was understood to be final. If defendant's manager made the statements attributed to him by plaintiff, and plaintiff proceeded to work believing that he was working for defendant, then defendant under the facts here would be estopped to rely on its defense that Wilbanks was an independent contractor.

The judgment below should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.